## W. H. Beeler, Appellee, v. Danville, Urbana & Champaign Railway Company, Appellant.

1. STREET RAILROADS—*contributory negligence of driver as a question of fact.* Where on an action for the killing of a horse the driver testifies that he knew electric cars ran frequently, that he looked before driving on the track, but not again after driving 250 feet when a collision occurred with an overtaking car, and that he heard no signal until too late to leave the track; the evidence as to the sounding of a gong and the speed of the car is conflicting; and the defendant gave testimony that when the driver drove in front of the approaching car the brake was at once applied but

failed to work; the question of the driver's contributory negligence is for the jury.

2. STREET RAILROADS—*evidence insufficient to sustain verdict in a collision case.* In an action for the killing of a horse the driver testified he knew electric cars ran frequently, that he looked before driving on the track, but not again after driving 250 feet when a collision occurred with an overtaking car, and that he heard no signal until too late to leave the track. The evidence as to the sounding of a gong and the speed of the car was conflicting, and the defendant gave testimony that the driver drove in front of an approaching car when the brake was at once applied but failed, on account of snow, to work. *Held*, the driver was not exercising due care and caution and a verdict for the plaintiff was clearly and manifestly against the weight of the evidence.

Action in case for damages for killing of horse. Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1911. Reversed. Opinion filed April 11, 1912.

CHARLES TROUP, for appellant; GEORGE W. BURTON, of counsel.

R. ALLAN STEPHENS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case for the recovery of the value of a horse which was killed by one of the defendant's electric cars. The jury returned a verdict for the plaintiff and assessed his damages at $200. Judgment was rendered upon said verdict, whereupon the defendant appealed.

The declaration charges that on April 18, 1910, the plaintiff, by his servant, one Jones, was with due care and diligence driving a team of horses attached to a dray wagon along Main street in the city of Danville; that near where Main street intersects Pine street, the servants of the defendant so improperly drove and managed one of its electric street cars, that the same ran into said team and so wounded one of the plaintiff's horses that it became necessary to kill it.

The evidence shows that Main street runs due east and west; that the defendant maintains two tracks thereon for the operation of its electric cars, the one on the south being for east-bound cars and the one on the north for west-bound cars; that the two tracks converge at the intersection of Pine and Main streets, west of the place where the accident occurred; that Jones, the servant of the plaintiff, drove the team in question out of an alley on the south side of Main street, and then turned to the west. He testified that when he came out of the alley he looked east and saw no car coming; that he started to cross the tracks to go to the north side of the street, and drove straight across until he got middle way between the tracks, but upon looking west he saw an automobile coming along the north side of the tracks; that he drove in between the tracks until he could clear the automobile, and then drove west, partly on the south track and partly on the north track, the wagon straddling the north of the south track rail; that when about 200 feet west of the alley, with the south wheel of his wagon just about a foot over the north rail of the south track, an electric car upon the west-bound track came up behind him, and before he could turn off the space between the tracks, such car hit the north horse; that he heard no warning at the time, but that he heard a whistle blow a minute or half a minute before, which was the first time he knew there was a car behind him; that thereafter he picked up and pulled the reins, but did not have time to turn the horses out; that he was driving at a trot, his team and wagon being barely clear of the path of any car which might come from behind on the west-bound track. He admitted that he knew that cars ran up and down Main street very frequently.

The testimony as to the speed of the car, and whether or not the motorman sounded the gong prior to the accident, and where, and when, and to what

extent, was in close conflict, the witnesses for the defendant fixing the speed of the car at from seven to eight miles an hour, while a witness called for the plaintiff testified that it was running at twenty-five miles an hour at the time of the collision. The motorman and another witness testified that the gong was rung continuously, while a number of witnesses called by the plaintiff testified that they did not hear the gong ring or whistle blow until just before the horse was struck. The testimony offered by the defendant tended to show that the team was being driven westward along the south side of the south track, and that upon coming to a team hitched on that side of the street, was turning diagonally across the tracks in front of the approaching car; that the brake was at once applied but failed to work, because of there being snow on the track, and that by reason thereof the car slid, striking the horse. While Jones testified that immediately after leaving the alley he looked behind him to ascertain if a car was coming from that direction, he admitted that he thereafter drove the entire distance of at least 250 feet from the alley to the place where the horse was struck with the wheels of his wagon on either side of the north rail of the south track, without again looking behind him, and gave no reason or excuse for his failure to do so, nor why after the automobile had passed him on the north and before the car struck him, he did not turn his team off the tracks to the north side of the street, and thus have been entirely out of danger.

It cannot be said as a matter of law, that Jones was guilty of contributory negligence, and the court properly submitted the question to the jury. It was, however, necessary to a recovery by the plaintiff, that he should show by the greater weight of the evidence, the essential allegation of his declaration that Jones was, at and immediately prior to the collision, exercising such care and caution for the safety of himself and the plaintiff's property as an ordinarily prudent

person would have exercised under like or similar circumstances. We are of opinion that the evidence fails to establish such fact, and that the finding of the jury in this particular was clearly and manifestly against the weight of the evidence. The verdict was unwarranted and the judgment predicated thereon will be reversed.

The clerk of this court will incorporate in the judgment of this court the finding of fact that the plaintiff's servant Jones was not in the exercise of due care and caution as averred in the plaintiff's declaration.

*Reversed.*